UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62739-CIV-COHN/SELTZER

DIANA MCDANIEL,

    Plaintiff,

vs.

BURLINGTON COAT FACTORY OF
FLORIDA, LLC,

    Defendant.

_____/

## ORDER

**THIS CAUSE** has come before the Court upon Plaintiff's Motion to Compel Production of Surveillance Video Prior to Her Deposition and Motion for Protective Order [DE 16]. Plaintiff, who alleges she sustained injuries in a fall that occurred on Defendant's premises, asks the Court to order Defendants to produce video surveillance of the alleged fall <u>before</u> Plaintiff's deposition is taken. The deposition is scheduled for March 6, 2017. Plaintiff argues that she will be prejudiced if she were required to testify about an incident that occurred years earlier without being afforded the opportunity to refresh her recollection using Defendant's surveillance video. Accordingly, Plaintiff asks that she be excused from her deposition until the Court rules on the Motion to Compel so that she has an opportunity to review the surveillance video prior to her deposition.

    Defendant opposes these requests. According to Defendant, the description of how the fall happened set forth in Plaintiff's Answers to Interrogatories [DE 18-1] "differs from what is contained on Defendant's surveillance video." [DE 18]. Defendant does not object to producing the surveillance video after Plaintiff's deposition, but argues that it is

entitled to question Plaintiff regarding her independent, unaltered recollection of the incident.  In addition, Defendant argues that production of the surveillance video prior to Plaintiff's deposition would destroy any impeachment value that the video may have.

In Parks v. NCL (Bahamas) LTD., 285 F.R.D. 674 (S.D. Fla. 2012), this Court held that the defendant was not required to produce its surveillance video prior to the plaintiff's deposition.  Other courts have required a showing of "appropriate" or "unique" circumstances to support a delay in producing video footage of the incident.  See Brown v. NCL (Bahamas), Ltd., 2015 WL 6673700, at *3 (S.D. Fla. Oct. 30, 2015) (plaintiff's history of presenting inconsistent versions of the incident warranted entry of a protective order delaying production of surveillance video until after plaintiff's deposition testimony).

In this case, Defendant asserts that Plaintiff's sworn answers to interrogatories about how the incident happened differ from what is shown on the video.  Based upon this representation, it is appropriate to require Plaintiff to testify to her own recollection of the incident without prior observation of the surveillance video.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Production of Surveillance Video Prior to Her Deposition and Motion for Protective Order [DE 16] is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of February 2017.

BARRY S. SELTZER
United States Magistrate Judge

copies furnished counsel via CM/ECF