UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62739-CIV-COHN/SELTZER

DIANA MCDANIEL,

    Plaintiff,

vs.

BURLINGTON COAT FACTORY OF
FLORIDA, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendant's Motion for Involuntary Dismissal and/or for Sanctions for Plaintiff's Failure to Attend IME/CME and/or to Compel Plaintiff to Submit to an IME/CME [DE20].  Defendant argues that Plaintiff failed to appear for a scheduled compulsory medical examination (CME) without objection or notice and, therefore, should be subject to sanctions, including involuntary dismissal of the Complaint and taxation of the costs and fees associated with the missed appointment and the making of the present motion.  Although an alternative request to compel Plaintiff to attend a CME appears in the title of the Motion, that request does not appear in the body of the Motion or in the prayer for relief.

Rule 35, Federal Rules of Civil Procedure, governs the examination of a party whose mental or physical condition is in controversy.  The examination may be ordered by the court "only on motion for good cause and on notice to all parties and the person to be examined" and the order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P.

35(a)(2). Examination may also be made by the parties' agreement, Fed. R. Civ. P. 35(b)(6), but nowhere does Rule 35 authorize a party to unilaterally and without court order schedule a physical examination of another party.

Without either a court order or, apparently, an agreement with Plaintiff, Defendant unilaterally set a CME of Plaintiff by serving a Request for Compulsory Medical Examination upon Plaintiff through her attorney [DE 20-1]. Defense counsel did not seek to coordinate a date for the CME with Plaintiff's counsel. When Plaintiff failed to appear for the medical examination, Defendant filed the present motion. Although Plaintiff's counsel does not dispute receiving the Request for Compulsory Medical Examination, he claims to have "inadvertently overlooked" the notice and, therefore, Plaintiff was never made aware of the appointment [DE 22]. According to Plaintiff's counsel, he first became aware of the CME when the present motion was filed. Defendant, however, incurred expenses as a result of the missed CME appointment.

Taking the representations of counsel at face value, the Court finds error on the part of Defendant for not securing an agreement or court order authorizing the CME as required by Rule 35, as well as error by Plaintiff's attorney in overlooking the Request for Compulsory Medical Examination. As the party seeking sanctions for failure to appear at a CME, Defendant has the burden of establishing a violation of a proper order under Rule 35. Fed. R. Civ. P. 37(b)(2)(A). This it cannot do, as Defendant failed to obtain either an order or an agreement for a physical examination. For this reason, the Court finds that sanctions are not appropriate. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Involuntary Dismissal and/or for Sanctions for Plaintiff's Failure to Attend IME/CME and/or to Compel Plaintiff to

Submit to an IME/CME [DE20] is **DENIED**. Defendant may, within the remaining discovery period, secure either an agreement or an Order authorizing a physical examination of Plaintiff in accordance with Rule 35.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of March, 2017.

BARRY S. SELTZER
United States Magistrate Judge

copies furnished counsel via CM/ECF